PATRICIA A. SAVAGE, SBN 236235
LAW OFFICES OF PATRICIA A. SAVAGE
1550 Humboldt Road, Suite 4
Chico, CA 95928
Telephone: (530) 809-1851
Fax: (530) 592-3865

Attorney for PLAINTIFF,
AGUSTIN MERODIO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN MERODIO,<br><br>PLAINTIFF,<br><br>v.<br><br>BECKSTOFFER VINEYARDS, and DOES 1-10,<br><br>DEFENDANTs. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **RETALIATION (FLSA § 15(a)(3))**<br>2. **RETALIATION (LABOR CODE § 1102.5)**<br>3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF AGUSTIN MERODIO, "PLAINTIFF" or "MERODIO", respectfully submits the following Complaint against BECKSTOFFER VINEYARDS, "DEFENDANT", for Damages and Demand for Jury Trial and alleges as follows:

## PARTIES AND JURISDICTION

1. PLAINTIFF AGUSTIN MERODIO (hereafter "PLAINTIFF") is an adult individual residing in California. PLAINTIFF was at all relevant times employed by BECKSTOFFER VINEYARDS.

2. DEFENDANT BECKSTOFFER VINEYARDS (hereafter "DEFENDANT") was at all times relevant to this action, a private business and employer doing business in California.

3.   Subject matter jurisdiction exists via federal question because Plaintiff alleges violation of the U.S. Fair Labor Standards Act (29 USC § 201) (hereafter "FLSA").

4.   DEFENDANT has its principal place of business in NAPA County in California, which is located within the geographical boundaries of this U.S. District Court's venue and jurisdiction.

5.   The court has supplemental jurisdiction over any and all state law allegations in this complaint because they are factually related to the FLSA claims giving rise to the federal questions upon which subject matter jurisdiction is based. (28 USC § 1367(a)).

6.   PLAINTIFF has exhausted all applicable pre-litigation administrative remedies.

## STATEMENT OF FACTS

7.   PLAINTIFF began working for DEFENDANT on or around August 2003.

8.   During PLAINTIFF'S tenure with DEFENDANT, PLAINTIFF had a history of favorable performance evaluations. The final evaluation PLAINTIFF received on or around January 14, 2019, shows 19 categories of evaluation, of which 18 were either good, or excellent.

9.   On March 19, 2020, Governor Gavin Newsom issued Executive Order N-33-20, in response to the national pandemic caused by COVID-19.

10.   During the "shelter in" period, the agricultural industry was required to allow only the minimum necessary activities to maintain the value of the business's inventory, ensure security, and process payroll and employee benefits; however, DEFENDANT was still under an obligation to comply with all social distancing requirements.

11.   After returning to work from a vacation, on or around the end of April 2020 and the beginning of May 2020, PLAINTIFF observed several serious violations of Governor Newsom's "Shelter In" order issued on March 19, 2020, including that DEFENDANT'S employees were eating side by side, working side by side, not wearing masks, not washing their hands and drinking out of shared work provided water containers during breaks.

12.   In response to PLAINTIFF expressing concerns about the observed violations, PLAINTIFF was informed by DEFENDANT that Beckstoffer Vineyards was complying with the Governor's orders by converting the laborers work week from eight (8) hour days, five (5) days a week

to a revised schedule of nine (9) hour days, four (4) days a week, providing Friday's off for their employees.

13. PLAINTIFF was terminated by DEFENDANT on or about May 4, 2020.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 29 U.S.C. § 215(a)(3)**
**RETALIATION**
**(PLAINTIFF AGAINST ALL DEFENDANTS)**

14. PLAINTIFF re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

15. 29 U.S.C. § 215(a)(3) prohibits an employer from discharging or discriminating against an employee because such employee has filed a complaint.

16. On or about the end of April 2020 to the beginning of May 2020, PLAINTIFF observed several violations of Governor Newsom's "Shelter In" order and made protected complaints to DEFENDANT regarding the violations and unsafe working conditions for the employees of DEFENDANT.

17. DEFENDANT responded to PLAINTIFF'S complaints by stating that Beckstoffer Vineyards was complying with the Governor's orders by converting the laborers work week from eight (8) hours days, five (5) days a week to a revised schedule of nine (9) hour days, four (4) days a week, providing Fridays off for their employees.

18. DEFENDANT retaliated against PLAINTIFF for making protected complaints by terminating PLAINTIFF'S employment with DEFENDANT on or about May 4, 2020.

19. DEFENDANT violated the FLSA by terminating PLAINTIFF in retaliation for his lawful complaints.

20. As a direct and proximate result of DEFENDANTS unlawful conduct, PLAINTIFF has suffered loss of wages.

21.     Due to DEFENDANT'S willful violations, PLAINTIFF is also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

22.     PLAINTIFF is further entitled to reasonable attorneys' fees and costs of this action in addition to any judgment awarded.

23.     WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION
## RETALIATION IN VIOLATION OF LABOR CODE § 1102.5
## (PLAINTIFF AGAINST ALL DEFENDANTS)

24.     PLAINTIFF re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

25.     At all relevant times PLAINTIFF was an employee of DEFENDANT, and at all times relevant hereto., DEFENDANT was PLAINTIFF'S employer.

26.     PLAINTIFF reported to DEFENDANT observations that he made regarding violations of Governor Newsom's "Shelter In" order and the safety concerns he had regarding the working conditions in relation to the COVID-19 pandemic. These concerns included that DEFENDANT'S employees were eating side by side, working side by side, not wearing masks, not washing their hands and drinking out of shared work provided water containers during breaks.

27.     DEFENDANT retaliated against PLAINTIFF'S lawful workplace complaints by terminating his employment with DEFENDANT on or about May 4, 2020.

28.     As a result of DEFENDANT'S retaliation, PLAINTIFF has suffered harm. DEFENDANT'S conduct was a substantial factor in causing PLAINTIFF'S harm.

29.     DEFENDANT'S conduct was willful, malicious and oppressive, justifying an award of punitive damages.

30.     WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

## THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (PLAINTIFF AGAINST ALL DEFENDANTS)

31. PLAINTIFF re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

32. At all times relevant to this action, the Fair Employment and Housing Act ("FEHA") and California Government Codes §§ 12940 et seq., were in full force and effect and binding on DEFENDANT. The statements and conduct on the part of the DEFENDANT complained of herein represent a violation of FEHA, specifically California Government Codes §§ 12940 et seq.

33. At all times herein-mentioned PLAINTIFF was an employee of DEFENDANT and at all times relevant DEFENDANT was PLAINTIFF'S employer.

34. DEFENDANT terminated PLAINTIFF'S employment on or about May 4, 2020. The substantial motivating factor for DEFENDANT'S actions were due to PLAINTIFF making lawful workplace complaints regarding the violations and unlawful workplace conduct of DEFENDANT.

35. DEFENDANT'S termination of PLAINTIFF was in violation of California Government Codes §§ 12940 et seq., which codifies the important public policy pertaining to the protection of an employee who opposes unlawful workplace conduct.

36. As a direct and proximate result of DEFENDANT'S conduct, PLAINTIFF has suffered, and continues to suffer, loss of income and benefits, embarrassment, anxiety, humiliation and emotional distress, all to his damage in an amount according to proof but in excess of the jurisdiction of this Court.

37. The above described actions were perpetrated and/or ratified by a managing agent or office of DEFENDANT. These acts were done with malice, fraud, oppression, and in reckless disregard of PLAINTIFF'S rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter DEFENDANT'S future conduct.

38. WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and any other DEFENDANTs who may later be added as follows:

**AS TO THE ALL CAUSES OF ACTION**

1. Compensatory Damages, including general and special damages, including but not limited to wages and emotional distress in an amount according to proof;

2. Liquidated damages pursuant to 29 U.S.C. § 216(b);

3. For Attorneys' Fees and costs pursuant to all applicable statutes or legal principles;

4. For punitive damages;

5. For affirmative relief as defined by Government Code § 12926 et seq., including back pay, reimbursement of out of pocket expenses and an expungement of records;

6. For prejudgment interest on all amounts claimed;

7. For such other and further relief as the Court may deem just and proper.

Date: January 6, 2021            LAW OFFICES OF PATRICIA A. SAVAGE

_____
PATRICIA A. SAVAGE
Attorney for PLAINTIFF
AGUSTIN MERODIO

**DEMAND FOR JURY TRIAL**

Date: January 6, 2021            LAW OFFICES OF PATRICIA A. SAVAGE

_____
PATRICIA A. SAVAGE
Attorney for PLAINTIFF
AGUSTIN MERODIO